UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

NATHAN DAVIDOFF,

    Plaintiff,

v.

JBS PLAINWELL INC.,

    Defendant.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

# COMPLAINT

Plaintiff Nathan Davidoff alleges the following for his complaint against Defendant JBS Plainwell Inc.

## NATURE OF THE CASE

1. This is an employment case in which Defendant JBS Plainwell Inc. failed to pay Plaintiff Nathan Davidoff proper overtime compensation.

2. Defendant hired Davidoff ostensibly to work for the company as a supervisor, but he did not actually work as a supervisor. Instead, the overwhelming majority of Davidoff's job —more than 90% of it—involved production work that would not qualify for an exemption from the requirement that Defendant pay him overtime compensation.

3. Davidoff worked more than 40 hours each workweek that he worked for Defen-

dant, but the company failed to pay him overtime compensation.

4. By doing so, Defendant willfully violated the Fair Labor Standards Act by knowingly suffering or permitting Davidoff to work more than 40 hours per week without paying overtime compensation to him at a rate of 1.5 times his regular rate of pay.

5. Defendant knew or should have known that Davidoff was not exempt from receiving overtime compensation under the FLSA and must be paid at a premium overtime pay rate of not less than 1.5 times his regular rate of pay for all the hours that he worked in excess of 40 per week.

6. Davidoff suffered damages as a result of Defendant's willful violations of the FLSA. Davidoff seeks a judgment in his favor awarding unpaid back wages, liquidated damages, attorneys' fees, litigation costs, interest, and all of the relief necessary to make him whole for the damages that he suffered and to ensure that Defendant will not subject other workers to the same unlawful conduct in the future.

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff Nathan Davidoff is an individual person who resides in Kalamazoo County, Michigan.

8. Defendant JBS Plainwell Inc. is a corporation organized under the laws of the State of Delaware. The corporation operates a meat processing and production facility located in Plainwell, Michigan.

9. The Court has personal jurisdiction over Defendant under Michigan Compiled Laws Sections 600.711 and 600.715. FED. R. CIV. P. 4(k)(1)(A).

10. The Court has original subject matter jurisdiction over the claims asserted in the complaint under the Fair Labor Standards Act in accordance with Title 28 of the United States

Code, Section 1331, because those claims arise under federal law. The FLSA also independently provides for subject matter jurisdiction in the federal courts. 29 U.S.C. § 216(b).

11.     Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b)(2), because a substantial portion of the events that give rise to Plaintiff's claims occurred in this judicial district.

## GENERAL ALLEGATIONS

12.     Defendant is an employer under the FLSA. 29 U.S.C. § 203(d).

13.     Davidoff was an employee within the meaning of the FLSA. 29 U.S.C. § 203(e) and (g).

14.     Davidoff worked for Defendant at the company's Plainwell meat processing and production facility from April 15, 2022 until November 21, 2024.

15.     Defendant purported to hire Davidoff to work for the company as a supervisor for its hourly employees working on the production line, but in reality Davidoff spent very little time supervising employees.

16.     Instead, Davidoff spent the overwhelming majority of his working time (more than 90% of the time) performing meat processing and production work right alongside Defendant's hourly employees on the production line where he did the exact same work that the hourly employees did.

17.     Davidoff's primary duty therefore did not involve work that would exempt Defendant from the requirement that the company pay Davidoff at a rate of 1.5 times his regular rate of pay for all hours over 40 that he worked in a workweek.

18.     Davidoff regularly worked more than 70 hours each workweek when he worked for Defendant, and in some workweeks he worked more than 80 hours. He usually began his

workday at 5:00 am and worked until well past 5:00 pm each day, Monday through Friday. Davidoff would also sometimes perform work for Defendant on Saturdays where he would work a 10-hour shift or longer.

19.    Defendant did not employ a timekeeping system to track or record the hours that Davidoff worked.

20.    Defendant suffered and permitted Davidoff to work more than 40 hours during certain work weeks.

21.    Defendant willfully deprived Davidoff of the proper overtime compensation by paying him less than what the FLSA requires.

22.    Defendant knew or should have known that Davidoff performed work that required the proper payment of overtime compensation.

23.    Defendant knew that Davidoff spent the overwhelming majority of his working time (more than 90% of the time) performing work that would not exempt Defendant from the requirement that the company pay Davidoff at a rate of 1.5 times his regular rate of pay for all hours over 40 that he worked in a workweek.

24.    Defendant also knew that Davidoff worked overtime hours without receiving proper overtime pay because, among other reasons, Defendant knew that his job required overtime hours and Defendant's agents and representatives observed Davidoff performing work at all hours of the day and on weekends.

25.    Defendant therefore knew, or should have known, about its unlawful payment practices and it recklessly chose to disregard the consequences of its actions.

## COUNT 1

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

26. Davidoff repeats and incorporates all the previous allegations in his complaint.

27. The FLSA requires covered employers like Defendant to pay non-exempt employees like Davidoff no less than 1.5 times their regular rate of pay for all hours worked in excess of 40 in a workweek. 29 U.S.C. § 207.

28. Davidoff worked more than 40 hours per week for Defendant during certain work weeks, but Defendant did not properly compensate him for all of the overtime hours that he worked as required by the FLSA.

29. Defendant did not (and has not) made a good-faith effort to comply with the FLSA as it relates to the compensation owed to Davidoff.

30. Defendant knew that Davidoff worked overtime without proper compensation, and it willfully failed and refused to pay Davidoff wages at the required overtime rates. 29 U.S.C. § 255.

31. Defendant's willful failure and refusal to pay Davidoff overtime wages for his overtime hours worked violates the FLSA. 29 U.S.C. § 207.

32. Davidoff suffered damages as a result of Defendant's violations of the FLSA, that include, but are not limited to, back wages, liquidated damages, attorney's fees, and litigation costs.

## JURY DEMAND

33. Davidoff demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

34. Plaintiff Nathan Davidoff requests that the Court enter a judgment in his favor

and against Defendants in an amount that will fully and fairly compensate him for all of his damages, losses, expenses, back wages, liquidated damages, attorney's fees, litigation costs, and interest.

35. Davidoff also requests that the court grant him any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

NATHAN DAVIDOFF

Dated: March 5, 2025  By:   /s/  Mark S. Wilkinson

    Mark S. Wilkinson (P68765)
    PALADIN EMPLOYMENT LAW PLLC
    *Attorney for Plaintiff*
    5955 West Main Street
    Kalamazoo, MI 49009
    (tel.) 269.978.2474
    mark@paladinemploymentlaw.com