**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NATHAN DAVIDOFF

    Plaintiff,

v

JBS PLAINWELL, INC.,

    Defendant.

Hon. Jane M. Beckering

Magistrate Judge Phillip J. Green

Case No. 1:25-cv-00249-JMB-PJG

Matthew M. Morrison
SPENCER FANE, LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
(303) 839-3788
mmorrison@spencerfane.com

Attorneys for Defendant

---

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

---

Defendant JBS Plainwell, Inc. ("JBS" or "Defendant"), by and through its undersigned

counsel, herby submits this Answer to Plaintiff's Complaint, and states as follows:

#### RESPONSE TO ALLEGATIONS REGARDING NATURE OF THE CASE

1.  This is an employment case in which Defendant JBS Plainwell Inc. failed to pay

Plaintiff Nathan Davidoff proper overtime compensation.

**Response**: Defendant admits this is an employment case in which Plaintiff alleges he was

not paid proper overtime compensation. Defendant denies it failed to pay Plaintiff proper overtime

compensation and denies that Plaintiff is entitled to any relief requested in the Complaint, or otherwise. Defendant denies all remaining allegations in Paragraph 1 of the Complaint.

2.      Defendant hired Davidoff ostensibly to work for the company as a supervisor, but he did not actually work as a supervisor. Instead, the overwhelming majority of Davidoff's job – more than 90% of it – involved production work that would not qualify for an exemption from the requirement that Defendant pay him overtime compensation.

**Response**: Defendant admits it hired Plaintiff as a supervisor. Defendant denies all remaining allegations in Paragraph 2 of the Complaint.

3.      Davidoff worked more than 40 hours each workweek that he worked for Defendant, but the company failed to pay him overtime compensation.

**Response**: Defendant admits Plaintiff was an exempt employee under the Fair Labor Standards Act and, therefore, was not paid overtime compensation. Defendant denies all remaining allegations in Paragraph 3 of the Complaint.

4.      By doing so, Defendant willfully violated the Fair Labor Standards Act by knowingly suffering or permitting Davidoff to work more than 40 hours per week without paying overtime compensation to him at a rate of 1.5 times his regular rate of pay.

**Response**: Defendant denies the allegations in Paragraph 4 of the Complaint.

5.      Defendant knew or should have known that Davidoff was not exempt from receiving overtime compensation under the FLSA and must be paid at a premium overtime pay rate of not less than 1.5 times his regular rate of pay for all the hours that he worked in excess of 40 per week.

**Response**: Defendant denies the allegations in Paragraph 5 of the Complaint.

6.      Davidoff suffered damages as a result of Defendant's willful violations of the FLSA. Davidoff seeks a judgment in his favor awarding unpaid back wages, liquidated damages, attorneys' fees, litigation costs, interest, and all of the relief necessary to make him whole for the damages that he suffered and to ensure that Defendant will not subject other workers to the same unlawful conduct in the future.

**Response**: Defendant denies it violated the FLSA and denies that Plaintiff is entitled to any relief requested in the Complaint, or otherwise. Defendant denies all remaining allegations in Paragraph 6 of the Complaint.

### RESPONSE TO ALLEGATIONS REGARDING PARTIES, JURISDICTION, AND VENUE

7.      Plaintiff Nathan Davidoff is an individual person who resides in Kalamazoo County, Michigan.

**Response**: Defendant admits Plaintiff is an individual person. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 7 of the Complaint and, therefore, denies the same.

8.      Defendant JBS Plainwell Inc. is a corporation organized under the laws of the State of Delaware. The corporation operates a meat processing and production facility located in Plainwell, Michigan.

**Response**: Defendant admits the allegations in Paragraph 8 of the Complaint.

9.      The Court has personal jurisdiction over Defendant under Michigan Compiled Laws Sections 600.711 and 600.715. FED. R. Civ. P. 4(k)(1)(A).

**Response**: Defendant admits this Court has personal jurisdiction over it. Defendant denies any remaining allegations in Paragraph 9 of the Complaint.

3

10.    The Court has original subject matter jurisdiction over the claims asserted in the complaint under the Fair Labor Standards Act in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law. The FLSA also independently provides for subject matter jurisdiction in the federal courts. 29 U.S.C. § 216(b).

**Response**: Defendant admits the allegations in Paragraph 10 of the Complaint.

11.    Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b)(2), because a substantial portion of the events that give rise to Plaintiff's claims occurred in this judicial district.

**Response**: Defendant admits that venue in this Court is appropriate. Defendant denies any remaining allegations in Paragraph 11 of the Complaint.

### RESPONSE TO GENERAL ALLEGATIONS

12.    Defendant is an employer under the FLSA. 29 U.S.C. § 203(d).

**Response**: Defendant admits the allegations in Paragraph 12 of the Complaint.

13.    Davidoff was an employee within the meaning of the FLSA. 29 U.S.C. § 203(e) and (g).

**Response**: Defendant admits the allegations in Paragraph 13 of the Complaint.

14.    Davidoff worked for Defendant at the company's Plainwell meat processing and production facility from April 15, 2022 until November 21, 2024.

**Response**: Defendant admits Plaintiff worked for Defendant at the company's Plainwell meat processing and production facility from April 2022 until November 2024. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15.    Defendant purported to hire Davidoff to work for the company as a supervisor for its hourly employees working on the production line, but in reality Davidoff spent very little time supervising employees.

**Response**: Defendant admits it hired Plaintiff as a supervisor. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16.    Instead, Davidoff spent the overwhelming majority of his working time (more than 90% of the time) performing meat processing and production work right alongside Defendant's hourly employees on the production line where he did the exact same work that the hourly employees did.

**Response**: Defendant denies the allegations in Paragraph 16 of the Complaint.

17.    Davidoff's primary duty therefore did not involve work that would exempt Defendant from the requirement that the company pay Davidoff at a rate of 1.5 times his regular rate of pay for all hours over 40 that he worked in a workweek.

**Response**: Defendant denies the allegations in Paragraph 17 of the Complaint.

18.    Davidoff regularly worked more than 70 hours each workweek when he worked for Defendant, and in some workweeks he worked more than 80 hours. He usually began his workday at 5:00 am and worked until well past 5:00 pm each day, Monday through Friday. Davidoff would also sometimes perform work for Defendant on Saturdays where he would work a 10-hour shift or longer.

**Response**: Defendant admits Plaintiff sometimes performed work on Saturdays. Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19.    Defendant did not employ a timekeeping system to track or record the hours that Davidoff worked.

5

**Response**: Defendant admits it did not employ a timekeeping system to track or record the precise hours or time that Plaintiff worked. Defendant denies all remaining allegations in Paragraph 19 of the Complaint.

20.    Defendant suffered and permitted Davidoff to work more than 40 hours during certain work weeks.

**Response**: Defendant admits the allegations in Paragraph 20 of the Complaint.

21.    Defendant willfully deprived Davidoff of the proper overtime compensation by paying him less than what the FLSA requires.

**Response**: Defendant denies the allegations in Paragraph 21 of the Complaint.

22.    Defendant knew or should have known that Davidoff performed work that required the proper payment of overtime compensation.

**Response**: Defendant denies the allegations in Paragraph 22 of the Complaint.

23.    Defendant knew that Davidoff spent the overwhelming majority of his working time (more than 90% of the time) performing work that would not exempt Defendant from the requirement that the company pay Davidoff at a rate of 1.5 times his regular rate of pay for all hours over 40 that he worked in a workweek.

**Response**: Defendant denies the allegations in Paragraph 23 of the Complaint.

24.    Defendant also knew that Davidoff worked overtime hours without receiving proper overtime pay because, among other reasons, Defendant knew that his job required overtime hours and Defendant's agents and representatives observed Davidoff performing work at all hours of the day and on weekends.

**Response**: Defendant denies the allegations in Paragraph 24 of the Complaint.

25.      Defendant therefore knew, or should have known, about its unlawful payment practices and it recklessly chose to disregard the consequences of its actions.

**Response**: Defendant denies the allegations in Paragraph 25 of the Complaint.

## RESPONSE TO COUNT I
## FAILURE TO PAY OVERTIME WAGES IN
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

26.      Davidoff repeats and incorporates all the previous allegations in his complaint.

**Response**: Defendant admits and denies all previous allegations in the Complaint as set forth above.

27.      The FLSA requires covered employers like Defendant to pay non-exempt employees like Davidoff no less than 1.5 times their regular rate of pay for all hours worked in excess of 40 in a workweek. 29 U.S.C. § 207.

**Response**: Defendant states the allegations in Paragraph 27 of the Complaint are legal conclusions and no response is required. To the extent a response is required, Defendant states the FLSA speaks for itself and denies any remaining allegations in the Complaint.

28.      Davidoff worked more than 40 hours per week for Defendant during certain work weeks, but Defendant did not properly compensate him for all of the overtime hours that he worked as required by the FLSA.

**Response**: Defendant admits Plaintiff worked more than 40 hours per week during certain work weeks. Defendant denies the remaining allegations in Paragraph 28 of the Complaint.

29.      Defendant did not (and has not) made a good-faith effort to comply with the FLSA as it relates to the compensation owed to Davidoff.

**Response**: Defendant denies the allegations in Paragraph 29 of the Complaint.

7

30.    Defendant knew that Davidoff worked overtime without proper compensation, and it willfully failed and refused to pay Davidoff wages at the required overtime rates. 29 U.S.C. § 255.

**Response**: Defendant denies the allegations in Paragraph 30 of the Complaint.

31.    Defendant's willful failure and refusal to pay Davidoff overtime wages for his overtime hours worked violates the FLSA. 29 U.S.C. § 207.

**Response**: Defendant denies the allegations in Paragraph 31 of the Complaint.

32.    Davidoff suffered damages as a result of Defendant's violations of the FLSA, that include, but are not limited to, back wages, liquidated damages, attorney's fees, and litigation costs.

**Response**: Defendant denies the allegations in Paragraph 32 of the Complaint.

## RESPONSE TO JURY DEMAND

In response to Plaintiff's demand for a jury trial on all issues so triable in Paragraph 33 of the Complaint, Defendant further demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed.

## RESPONSE TO RELIEF REQUESTED

Defendant denies Plaintiff is entitled to any relief whatsoever, including the relief sought in Paragraphs 34 and 35 of the Complaint.

## OTHER MATTERS

Defendant denies any allegations not expressly admitted herein. Further, an admission to a portion of an allegation does not constitute an admission, either express or implied, to the remainder of the allegation.

Any statement or denial made herein that would properly be stated as a defense shall be so construed, and any separate defense properly stated as a factual averment shall be so construed.

8

Therefore, each and every denial set forth above shall be deemed a separate and additional defense, as justice may require.

## SEPARATE AND ADDITIONAL DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Defendant asserts the following separate and additional defenses, all of which are pleaded in the alternative, and none of which constitute an admission that Defendant is in any way liable to Plaintiff, that Plaintiff has been injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. As a defense to the Complaint and the claim contained therein, Defendant alleges:

### First Separate and Additional Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Separate and Additional Defense

Defendant properly classified Plaintiff as exempt under the FLSA and, therefore, Plaintiff is not entitled to overtime compensation or any other relief sought in Plaintiff's Complaint.

### Third Separate and Additional Defense

Defendant did not knowingly or willfully violate the FLSA and, therefore, Plaintiff's claim is limited to a two-year limitations period.

### Fourth Separate and Additional Defense

Plaintiff's claim is barred to the extent Plaintiff seeks relief for events occurring outside the statute of limitations under the FLSA.

### Fifth Separate and Additional Defense

Defendant acted in good faith at all times, with the intent to comply with the FLSA, and with reasonable grounds to believe it was not violating the law.

9

**Sixth Separate and Additional Defense**

Defendant properly compensated Plaintiff for all time worked consistent with the FLSA.

**Seventh Separate and Additional Defense**

Plaintiff's claim is barred to the extent Plaintiff seeks compensation for time that is not compensable hours worked under the FLSA.

**Eighth Separate and Additional Defense**

Plaintiff's claim is barred to the extent Plaintiff seeks compensation for time that is preliminary or postliminary to principal activities of employment under the Portal-to-Portal Act, 29 U.S.C. § 254(a), and is not compensable hours worked.

**Ninth Separate and Additional Defense**

Plaintiff's claim is barred to the extent Plaintiff seeks compensation for time that is *de minimis* and, therefore, not compensable under the FLSA.

**Tenth Separate and Additional Defense**

Plaintiff's claim is barred, in whole or in part, because the work performed fell within exemptions, exclusions, or credits provided for in the FLSA.

**Eleventh Separate and Additional Defense**

Defendant is entitled to an offset of any overpayments made to Plaintiff.

**Twelfth Separate and Additional Defense**

Plaintiff's alleged damages are speculative and uncertain, or both, which precludes any recovery.

10

### Thirteenth Separate and Additional Defense

Plaintiff's claim is barred, in whole or in part, to the extent Defendant lacked constructive or actual knowledge of hours worked and where Defendant did not authorize, require, request, suffer, or permit work by Plaintiff.

### Fourteenth Separate and Additional Defense

Defendant compensated Plaintiff beyond that which he would be entitled if he were classified as non-exempt under the FLSA, and such additional compensation would satisfy, in whole or in part, any claim for unpaid overtime compensation or other monetary relief.

### Fifteenth Separate and Additional Defense

The Complaint, in whole or in part, is barred by the doctrines of waiver and/or estoppel.

### Sixteenth Separate and Additional Defense

Plaintiff's claim is barred, in whole or in part, to the extent it is preempted by the Labor Management Relations Act.

Dated: March 31, 2025.

  /s/ Matthew M. Morrison
Matthew M. Morrison
Spencer Fane, LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
(303) 839-3788
mmorrison@spencerfane.com

Attorneys for Defendant

11